Shaw C. J.
delivered the opinion of the Court. This was an appeal from a decree of the judge of probate for this county, allowing the account of the respondent Enoch Bacon, as administrator of the estate of his father Ephraim Bacon. The appeal was taken by other heirs interested in the estate, and the reason assigned was, that the administrator had not charged himself with the rent reserved, upon a lease of long standing, made by his father to the administrator himself. The answer on the part of the administrator was, 1. that it was never intended by his father that he should be held to pay rent, on this lease, which he attempted to support by parol evidence, and 2. that if the rent was ever due, there had been an accord and satisfaction, in the lifetime of the father.
This appeal came before this Court at the last nisi prius term, and was then fully heard and tried, before the judge then holding the court, upon the whole matter of the law and the evidence; and a decree was thereupon made. On the first point, it was decided, that the provisions, tenor and effect of the lease, being a specialty, could not be controlled by parol evidence. On the second, it was decided, that the evidence established an accord and satisfaction. Upon exceptions taken by the appellants, it now comes before the whole Court.
On opening the case, the appellants state that the decree as drawn up, does not present the question which they intended to submit, namely, whether the judge at nisi prius drew the right conclusion of fact upon the evidence laid before him ; and *432 they claim the right to have all the evidence introduced into the decree, or brought before the Court, by a report accompanying the decree, to enable them to obtain the opinion of this Court upon that question.
This case brings directly before the Court, a question which has been often alluded to, but perhaps not distinctly considered, relative to the jurisdiction of the Court held by a single judge, at nisi prius, over probate appeals.
Without thinking it necessary to refer to the preceding statutes, apportioning and distributing the powers of the Court, between the whole Court holden by three or more judges, and the Court holden by a single judge, we think the question is clearly settled by the late statute which embraces the whole subject. St. 1828, c. 2, § 4. The provision is, that the Supreme Judicial Court, when holden by one or more of the justices thereof, in any county, shall have jurisdiction of, and may hear and determine all appeals from any probate court, within the county in which the said Supreme Judicial Court shall be holden, and may affirm or reverse the decree, which may be appealed from, and pass such further order and decree therein, as to law and justice shall appertain. After extending the like power to petitions for new trials, the statute adds, “ subject however, as to such appeals and petitions, to all such exceptions as- are now provided by law, in the trial of issues in fact before said Court.”
Whatever limitations were imposed upon the authority of a single judge at nisi prius, by the prior statutes, this gives to the Court so holden the whole authority, formerly vested in the whole Court, to try questions of law and fact, subject to the revision of the whole Court, upon mere questions of law.
What then was formerly the authority of the whole Court prior to the adoption of the nisi prius system, and when all the authority and power vested in the Court was to be exercised by a quorum of not less than a majority of the Court ?
By the provincial statute 4 W. & M. (Anc. Chart. 232,) amended and explained by another statute of 5 W. & M. (Anc. Chart. 252,) an appeal is given from every order, sentence and decree of the judge of probate relative to the allowance of any will, grant of administration or other matter, to *433 die governor and council. By the province charter itself authority was given to the governor and council, to do, execute and perform all that was necessary for the probate of wills, granting of administrations, &c.
It appears from these provisions, that prior to the Revolution, as the whole probate jurisdiction was exercised in the first instance, by the judges of probate, and on appeal, by the governor and council, neither of which tribunals held trials by jury, all questions of fact, arising under the probate jurisdiction, must have been tried without jury. When therefore the constitution was adopted, including the declaration of rights, and the 15th article provided, .“that in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practised, the parties have a right to a trial by jury,” it must be understood that controversies and questions of fact arising under the probate jurisdiction, fell within the exception, as cases in which it had been otherwise used and practised.
By an early act under the constitution, Si. 1783, c. 46, courts of probate were established, and by § 3, it is declared, that the Supreme Judicial Court shall be the Supreme Court of Probate, and shall have appellate jurisdiction of all matters determinable by the judges of probate.
The 4th section of this act, after directing the mode m which an appeal shall be claimed and prosecuted, goes on to provide, “ that when it shall appear from the reasons of appeal, that the sanity of the testator, or the attestation of the witnesses in his presence, as the law directs, is the question in controversy on any will or codicil, the said Supreme Court of Probate may, for the determination thereof, direct a real or feigned issue to be tried before a jury, in the same court.” The same provision was reenacted by the general probate act. St. 1317, c. 190, § 7. The same provision is by a recent statute extended to the case, where the private claim of the executor or administrator, against his testator or intestate, is the question in controversy. St. 1823, c. 24.[1]
These, it is believed, are all the direct statute provisions, in regard to the mode of trial of probate appeals.
*434 Whether the provision in the above statute, that in cases of. !-le fact °f sanity, of attestation, of the validity of the ex-ocutor’s private claim being in question, the court may direct an issue, is to be deemed imperative, or to vest a discretionar) authority in the court, has never, we believe, been decided, ft is indeed not likely to occur, because these questions of fact are so manifestly fit and suitable to be tried by a jury, that it is difficult to imagine a case so circumstanced as to induce a court in its discretion, to refuse such trial, if wished for by either party.
And whether it would not be competent to the court, exercising general jurisdiction, as both a court of probate, and of common law, and in analogy to other similar cases, to direct a real or feigned issue, for the purpose of trying other questions by a jury, at the bar of the court, in cases of controverted matters of fact, to which that mode of trial would be peculiarly suitable, we give no opinion. Cases may arise other than those provided for by existing statutes, in which it may be important to adopt that mode of trial.
The result of the examination is this ; that the general jurisdiction in matters of wills and administration, and accounts and other incidents, that is, a general probate jurisdiction, is vested in the original and appellate probate courts, with power to consider and decide all questions which may arise thereon; and as these questions may involve questions of fact, as well as of law, it extends to the decision of such questions of fact, except where the statute has otherwise provided : that although in the original distribution of jurisdiction, between the Court sitting as a court of law and the court of nisi prius, the jurisdiction over probate appeals was given to the whole Court, yet that this was partially altered from time to time, until by the last statute, the whole jurisdiction of the Court as a supreme court of probate was vested in the court when holden by a single judge, subject only to exceptions upon questions of law.
The question which the appellants aré desirous of raising in this case-is, whether the conclusions of fact, to which the court came, were supported by the evidence, and for that purpose they claim as a matter of right, that the whole evi *435 dence should be reported. The objection in other wards is, that the decision of the judge upon the evidence was wrong. But this question is not open, it not being a matter of law, unless where the judge chooses to reserve the question of the sufficiency of the evidence to support a decree, in which case he will embody the evidence in the decree, or state it in an accompanying report. But this, like a motion to the judge at nisi prius to report the evidence, with a view to sustain a motion for á new trial, on the ground that a verdict is against evidence, is a motion to the discretion of the judge, to be granted or refused, according to his view of the difficulty and importance of the case; If, as contended, it were a matter of right, for either party, to require the judge, on a hearing of a probate appeal, to report all the evidence, and to continue the cause for the opinion of the whole Court upon the evidence, instead of having jurisdiction to hear and determine the appeal, and make a decree pursuant to the statute, he would act merely as a commissioner to take evidence ; and any attempt to form and express an opinion upon the evidence would be worse than useless. It would be unavailing, as to any purpose of deciding and finishing the cause ; and the expression of an opinion, by one judge, upon a subject which is afterwards again to be fully heard by counsel, and considered in consultation with his brethren, would seem premature, have a tendency to prejudice his own mind, and would be any thing rather than favorable to the ultimate formation of a deliberate and impartial judgment. It would be entirely inconsistent with the obvious and declared purpose of the statute. In preference to such a course it would be better to go back to the practice, as it existed before the statute ; so that if the whole Court is to decide upon all the evidence, they may in the first instance hear that evidence, and the arguments of counsel upon it. But to give effect to the statute, we think the decision of a court held by a single judge must be deemed conclusive upon all questions of fact, except when the judge is himself desirous of reserving the question, in which case he may present the evidence upon a report.[1]
*436 As to the manner, in which questions of law are to be Drought before the Court, we think it is sufficiently pointed out by the statute. It provides that the decisions of the court held by one judge are to be subject to all such exceptions, as are provided by law, in the trial of issues in fact, before said court.
The course thus indicated, is clearly pointed out by the act establishing the nisi prius system. St. 1804, c. 105, § 5. It provides that whenever the court shall be holden by any one of the justices thereof, it shall be lawful for any party thinking himself aggrieved, by any opinion, direction or judgment of the said justice, to allege exceptions to the same, at the term of said court, &c. ; and such exceptions being reduced to writing in a summary mode, and presented to the court, before the final adjournment thereof, and found conformable to the truth of the case, shall be allowed and signed by the justice holding said court. It then provides, that the action shall be continued to the law term, for the decision of the whole Court upon the matters of law raised by the exceptions, and judgment and execution shall be stayed, unless it shall appear to the court, that the exceptions, made in or after the trial, are frivolous, immaterial or intended for delay, in which case judgment may be entered and execution awarded, notwithstanding the allowance of the exceptions. But in the latter case, the action, notwithstanding such judgment and execution, is to be continued to the succeeding law term, at which time the Court shall have cognizance thereof, and shall do therein what to law and justice shall appertain ; that is, the cause shall be brought before the Court, on the questions of law arising upon the record, including the exceptions filed, without a writ of error, and the judgment affirmed or reversed, in. whole or in part, and the proper judgment entered, or a venire de novo be awarded, as law and justice, applied to the particular circumstances and the existing posture of the case, may require.
Under the statute, we understand the practice has been, that when a party has an objection to any interlocutory decison of the judge, or to any instruction to the jury, in point of aw, he states his objection ; if the judge thinks it a point of some weight and difficulty, he will reserve the question ; and this he wiU be likely to do, in most cases, unless he has a *437 clear and strong opinion to the contrary, in deference to the opinion of counsel who seriously rely upon any point of law. In such case, the judge will report enough of the evidence, to present the point distinctly, and the cause will stand continued of course. If he has a clear opinion to the contrary, and thinks the point not one deserving of the deliberate consideration of the Court, he will decline reserving it; in which case, the party objecting, if he thinks it deserving of consideration, will reduce his exceptions to writing in a summary mode, which of course must embrace such statement of the facts in evidence, as to present the question of law, and this being allowed and signed by the judge, becomes part of the record. Then also, unless the exceptions are adjudged frivolous, the cause will stand continued as of course, for the consideration of the whole Court, and the party excepting will have it in his power to take the opinion of the whole Court, upon all questions of law arising upon the record, including the exceptions, and such decision will be had thereon, and such judgment entered, as the law and the state of the cause may require. In case the exceptions are adjudged frivolous, and an execution awarded, the proceedings are the same, except, that if such should be the decision of the Court, there may be a supersedeas to recall the execution, or if the judgment has been satisfied, in whole or part, a judgment of restoration may be required, as in case of the reversal of a judgment on writ of error. This was the early practice, adopted under this statute, and the efiect of it is, that it is not a matter of right, but a question of discretion with the judge at nisi prius, to determine whether a question of law shall be reserved, and considered upon a report; but it is a matter of right, for a party to have every question of law ruled by the judge at nisi prius, revised by the whole. Court, and if the judge does not think fit to reserve it, the party must seasonably file his bill of exceptions. This seems to be a convenient practice, well calculated to bring questions of law before the Court in the most easy and summary way, where both the court and the counsel of the party think them doubtful and important; to secure the rights of the client, where his counsel have confidence in points of law which do not appear to the court well founded, or reasonably questionable ; *438 and to prevent the exercise of this right from being abused to {he purposes of vexatious delay.
J. Davis, C. Mien and Tufts, for the appellants,
cited St. 1804, c. 105, § 6 ; 1817, c. 63, § 2; 1815, c. 39, § 2 ; 1820, c. 14, § 10 ; 1828, c. 2, § 4.
Newton, for the appellee.
The statute, regulating the trial of probate appeals, directs that all decisions shall be subject to exceptions as provided by law, in the trial of issues in fact. The same course of practice, therefore, which is convenient and conformable to the statute in one case, will regulate the other, and the cases are so nearly analogous, that there will be no difficulty in applying the rules of one to the other.
Under these circumstances we are all of opinion, that the decision of the court at nisi prius was conclusive upon the question of fact, that it was not the right of the appellants to require a report of the whole evidence, with a view to a revision of that decision by the whole Court, and that the question of the weight and sufficiency of the evidence to warrant the conclusion, is not open upon this decree.

Decree affirmed.

 See Rev. Stat. c. 62, § 16, and c. 83, § 46

 See Miller v. Baker, 20 Pick. 285.